UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THOMAS KNICKERBOCKER, on behalf of himself, individually, and on behalf of all others similarly-situated,

    Plaintiff,

-against-

FERRANDINO & SON, INC.,

    Defendant.

**COMPLAINT**

**Docket No.: 22-cv-2225**

Jury Trial Demanded

---

THOMAS KNICKERBOCKER ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against FERRANDINO & SON, INC. ("F&S" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §§ 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a New York corporation that is headquartered in Farmingdale, New York, which operates a facility maintenance solutions company - - as an area manager and later a territory manager, both of which were managerial positions in name only, servicing its clients that are located throughout the country, from October 2013 to September 10, 2021. As described below, as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus any applicable tolling period pursuant to Governor Andrew M. Cuomo's Executive Orders, until the end of his employment ("the Relevant Period"), Defendant failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, despite Plaintiff's duties not qualifying him for any exemption, Defendant routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a workweek, but paid Plaintiff a flat weekly salary, which as reflected on his paystubs, was intended to cover only Plaintiff's first forty hours of work in a week. Defendant thus failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of one and one half times his regular rate, for any hours that Plaintiff worked in a week over forty.

3. Defendant further violated the NYLL by failing to provide Plaintiff with an accurate wage statement on each payday.

4. Defendant paid and treated all of its area managers and territory managers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims

under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who also worked in New York and opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, as Defendant is headquartered in this District and made all relevant decisions with respect to the allegations at issue in the Complaint from within this District.

## PARTIES

8. At all relevant times herein, in addition to working in other states, Plaintiff worked for Defendant, in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant F&S is a New York corporation with its principal place of business located at 71 Carolyn Boulevard, Farmingdale, New York 11735.

10. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, F&S's qualifying annual business exceeded and exceeds $500,000, and F&S was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees who work in multiple states, such as New York, Massachusetts, Connecticut, Rhode Island, Washington, Idaho, Oregon, Maryland, Colorado, Wyoming, Nebraska, Illinois, Texas, and

Minnesota, the combination of which subjects F&S to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendant as an area manager, territory manager, or in a similar position, and who give consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

12. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13. At all relevant times herein, Defendant is and has been aware of the requirement to pay its non-exempt employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so. Specifically, Defendant has been previously sued for violations of the overtime provisions of the FLSA and the NYLL, during which it undoubtedly became familiar with the FLSA and its requirements to pay non-exempt employees at the rate of one and one-half times their respective regular rates of pay for all hours

worked over forty in a week. *See Devlin v. Ferrandino & Son, Inc.*, 15-cv-4976 (E.D.Pa.). Yet despite learning about the law and its requirements as early as 2015, Defendant continued to violate the FLSA as detailed herein.

14. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

15. Defendant F&S is a New York corporation that operates a facilities maintenance solutions company, which is headquartered at 71 Carolyn Boulevard, Farmingdale, New York 11735, which also has a large operations center in Audubon, Pennsylvania.

16. Plaintiff worked for Defendant as an "area manager," from October 2013 to January 2015, and then as a "territory manager" from January 2015 until September 10, 2021. In both of those roles, he was responsible for surveying commercial properties owned by F&S's clients to ensure that various third-party vendors that those clients hired to perform work at those sites - - such as landscaping and snow removal companies - - had in fact performed the work that those third-party vendors were hired to do. While Plaintiff was based in New York from 2013 through March 31, 2020, and then Connecticut from April 1, 2020 until September 10, 2021, Plaintiff's job duties required him to travel to other states for days at a time to perform his work. The majority of Plaintiff's work assignments were in New York, Massachusetts, Connecticut, and Rhode Island, but Plaintiff also sometimes worked in other states, such as Washington, Idaho, Oregon, Maryland, Colorado, Wyoming, Nebraska, Illinois, Texas, and Minnesota.

17. As an "area manager" and then later as a "territory manager," despite his titles, Plaintiff's primary duties were merely that of surveying work for Defendant's clients. That is,

Plaintiff did not have any managerial responsibilities such as setting the schedule, enforcing or implementing Defendant's policies, supervising employees, paying employees, hiring or firing employees, or interviewing potential employees. Instead, Plaintiff's primary duty was merely to inspect the properties of F&S's clients.

18. Throughout the Relevant Period, Defendant required Plaintiff to work, and Plaintiff did generally work, anywhere from five to six days a week, Sunday through Saturday, during any times that were necessary to survey the properties, and thus without a set schedule or a scheduled and/or uninterrupted break during his day, for a total of between forty-four to sixty-five hours in a typical week, although he occasionally worked as many as eight-eight and one half hours in a week.

19. For his work, during the Relevant Period, Defendant paid Plaintiff a flat weekly salary, regardless of how many hours he worked in a week, as follows: $1,116.98 in 2015; $1,139.28 in 2016; $1,171.09 in 2017; $1,187.49 in 2018; $1,251.92 in 2019; $1,374.15 in 2020; and $1,420.49 in 2021. The fixed weekly salary, as reflected on Plaintiff's paystubs, was intended to compensate Plaintiff only for his first forty hours of work in a week. As such, Defendant did not pay Plaintiff any wages for any hours that he worked in a week over forty, let alone at the rate of one and one-half times Plaintiff's regular rate of pay for those hours over forty.

20. By way of example only, for the week of June 14 through June 20, 2020, Defendant required Plaintiff to work in New York, and Plaintiff did work in New York, the following hours, without a scheduled or uninterrupted break during his shifts:

> Sunday, June 14, 2020: off;
>
> Monday, June 15, 2020: 6:10 a.m. until 5:43 p.m.;
>
> Tuesday, June 16, 2020: 5:30 a.m. until 3:40 p.m., and 4:15 p.m. to 5:27 p.m.;

>Wednesday, June 17, 2020: 5:53 a.m. until 6:43 p.m.;
>
>Thursday, June 18, 2020: 6:27 a.m. until 5:10 p.m.;
>
>Friday, June 19, 2020: 6:30 a.m. until 3:20 p.m.; and
>
>Saturday, June 20, 2020: off.

Accordingly, Plaintiff worked a total of fifty-seven hours and eighteen minutes during this week. In exchange for his work, Defendant paid Plaintiff his flat weekly salary of $1,374.15, which as his paystub reflected, covered only the first forty hours that Plaintiff worked. Thus, Defendant failed to pay Plaintiff at any rate for any of the seventeen hours and eighteen minutes that he worked this week over forty.

21. Throughout the Relevant Period, Defendant paid Plaintiff by check on a weekly basis.

22. On each occasion when Defendant paid Plaintiff during the Relevant Period, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.

23. Defendant treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

24. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

25. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

26. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

7

27. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

28. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

29. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

30. Defendant willfully violated the FLSA.

31. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

32. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

33. Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

36. As also described above, Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

37. Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

39. Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

41. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, are employees within the meaning of the NYLL.

42. As also described above, Defendant, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who worked in New York and who opts into this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

43.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff any FLSA Plaintiff who worked in New York and who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

44.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
April 19, 2022

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
CAITLIN DUFFY (CD 8160)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)